United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE JESUS MELENDEZ-MELENDEZ,**[1] | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:15-2** |
| | § | **Criminal No. 1:14-168-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 5, 2015, Petitioner Jose Jesus Melendez-Melendez ("Melendez-Melendez") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On March 9, 2015, the United States timely responded to the motion. Dkt. No. 9.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Melendez-Melendez's petition be **DENIED,** because it is legally and substantively meritless.

**I. Procedural and Factual Background**

On March 11, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Melendez-Melendez for illegally re-entering the United States after having been previously excluded, deported or removed.[2] U.S. v. Melendez-Melendez, Criminal No. 1:14-168-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR").

**A. Rearraignment and Waiver of Appellate Rights**

On March 24, 2014, Melendez-Melendez appeared before the Magistrate Judge and

---

[1] The petitioner was indicted as Jose Jesus Melendez-Melendez, but reported at his sentencing hearing that his name is Jose De Jesus Perez-Melendez. CR Dkt. No. 35, p. 2. He filed the instant petition as Jose Jesus Melendez-Melendez and the Court will use that name for the sake of consistency.

[2] While the indictment also alleged that Melendez-Melendez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. Appx. 823 (5th Cir. 2009)(unpubl.).

pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 32.

The Court established that Melendez-Melendez had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 32. Melendez-Melendez informed the Court that he had not been forced to plead guilty. Id. Melendez-Melendez stated that he had been informed of the possible sentences that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Melendez-Melendez gave up the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Melendez-Melendez confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Melendez-Melendez entered a plea of guilty to the charge of illegally re-entering the United States. Id.

On March 24, 2014, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Melendez-Melendez's guilty plea. CR Dkt. No. 13.

### B. Sentencing

In the final presentence report ("PSR"), Melendez-Melendez was assessed a base offense level of eight. CR Dkt. No. 17, pp. 5-6. Melendez-Melendez was also assessed an eight-level enhancement, because – in 2012– he had been convicted of the state felony of burglary. Id. Melendez-Melendez received a three-level reduction for acceptance of responsibility. Id. Thus, Melendez-Melendez was assessed a total offense level of 13. Id.

Regarding his criminal history, Melendez-Melendez, although only 19 years old when he committed the instant offense, had nine prior criminal convictions, which the Court will discuss here as they are the crux of his habeas petition. Melendez-Melendez had a 2009 conviction for assault on a public servant, which he committed when he was 14. CR Dkt.

No. 17, p. 7.  He also had a 2010 conviction for evading arrest, which he committed when he was 16. Id.  He also had two prior convictions for illegal re-entry – one from 2012 and one from 2013.  Id.  Melendez-Melendez also had the aforementioned 2012 conviction for burglary of a building. Id.  Melendez-Melendez was assessed one criminal history point for each of these five offenses.  In 2011, Melendez-Melendez also was convicted of criminal mischief and was sentenced to 140 days of imprisonment. CR Dkt. No. 17, p. 8.  He was assessed two criminal history points for this conviction.  Melendez-Melendez was also assessed an additional two criminal history points, because he was on probation at the time that he committed the instant offense. CR Dkt. No. 17, p. 5.

Thus, while Melendez-Melendez should have been assessed nine criminal history points, the PSR only assessed eight criminal history points against him, which resulted in a criminal history category of IV.[3]  Id.  Melendez-Melendez, based on an offense level of 13 and criminal history category IV, had a guideline sentencing range of 24 to 30 months of imprisonment.

On June 9, 2014, Melendez-Melendez, acting pro se, filed objections to the PSR. CR Dkt. No. 20.  Melendez-Melendez asserted that his 2012 conviction for burglary of a building was not an aggravated felony. Id.

On June 30, 2014, the District Court adopted the Magistrate Judge's report and recommendation, accepting Melendez-Melendez's guilty plea. CR Dkt. No. 23.

On August 21, 2014, the District Court held the sentencing hearing.  The District Court overruled Melendez-Melendez's pro se objections to the PSR. CR Dkt. No. 35, p. 3.  Melendez-Melendez's counsel also moved for a downward departure for cultural assimilation. Id, pp. 3-4.  That motion was denied. Id.

The District Court sentenced Melendez-Melendez to 24 months of incarceration, three

---

[3] This mathematical error is of no consequence, because Melendez-Melendez would have been assessed a criminal history category of IV regardless of whether he had eight or nine criminal history points.  Because Melendez-Melendez was sentenced according to the correct criminal history category, he obviously suffered no prejudice. U.S. v. Rodriguez, 181 F.3d 97 (5th Cir. 1999).

years of supervised release and a $100.00 special assessment, which was remitted. CR Dkt. No. 35, pp. 6-7.  The judgment was entered on September 5, 2014. CR Dkt. No. 26.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Melendez-Melendez's deadline for filing a notice of appeal passed on September 19, 2014.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 5, 2015, Melendez-Melendez timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his petition, Melendez-Melendez made two claims for relief, which the Court restates as one claim: that counsel was ineffective for failing to argue that the criminal history points were incorrectly calculated because it included juvenile convictions.

On January 6, 2015, the Court ordered the Government to respond to Melendez-Melendez's petition. Dkt. No. 4.

On March 9, 2015, the Government timely filed a response to the petition. Dkt. No. 9.  The Government asserts that the criminal history points were correctly calculated. Id.[4]

## II.  Applicable Law

### A. Section 2255

Melendez-Melendez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

(a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

---

[4] The Bureau of Prisons website shows that Melendez-Melendez was released from custody on November 19, 2015.  That release, however, does not render this petition moot.  His three-year term of supervised release term started on the day that he was released from prison and has not yet expired. U.S. v. Garcia-Rodriguez, 640 F.3d 129, 132 (5th Cir. 2011).  Supervised release satisfies the requirement that a prisoner be in custody for purposes of § 2255. Pack v. Yusuff, 218 F.3d 448, 454 n. 5 (5th Cir. 2000).  Moreover, given the absence of merit to Melendez-Melendez's claims, he has suffered no harm from the time it has taken to resolve his § 2255 petition.

subject to collateral attack, may move the court which imposed the sentence
to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume
that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally,
a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal,
absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction,
allegations of substantial constitutional violations, and claims that exceptional circumstances
resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474
(5th Cir. 2003).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the
two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v.
Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  To establish ineffective assistance, the
petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the
deficient performance prejudiced the defendant. Id.  To prove that counsel's performance
was deficient, petitioner must show that "it fell below an objective standard of
reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit
decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429
F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's
unprofessional errors, the result of proceeding would have been different." Strickland, 466
U.S. at 694

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one.
Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).  A claim of ineffective assistance of
counsel is properly made under § 2255, because it raises an issue of constitutional magnitude
that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325

(5th Cir. 2002).  The relevant legal standard as to Melendez-Melendez's specific claim  is set forth below, in the section analyzing that claim.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Melendez-Melendez's claim, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying that standard, neither the record – nor the law – support Melendez-Melendez's claim.

### A.  Criminal History Calculations

Melendez-Melendez has asserted that his counsel was ineffective for failing to object to his criminal history points, specifically the points assessed for his 2009 conviction for assault of a public servant; his 2010 conviction for evading arrest; and, his 2011 conviction for criminal mischief.  Melendez-Melendez asserts that no criminal history points should be assessed for these offenses because they were all committed when he was a juvenile.  This argument misconstrues the sentencing guidelines and is meritless.

Juvenile offenses are expressly considered in the sentencing guidelines.  The guidelines provide that two criminal history points should be assessed for "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(A).  In other words, if the defendant was sentenced to confinement of 60 days or more and if he was released from that confinement within five years of committing the

new offense, then criminal history points are properly assessed for the earlier offense, irrespective of the fact that the earlier offense was committed at the time the defendant was a juvenile.

Melendez-Melendez's 2011 criminal mischief conviction resulted in a sentence of 140 days imprisonment. CR Dkt. No. 17, p. 8. Melendez-Melendez served that term of imprisonment immediately following that 2011 conviction. Id. Melendez-Melendez was arrested for the instant offense on February 20, 2014. Id, p. 4. Thus, Melendez-Melendez committed the instant offense within five years after his release from confinement. Accordingly, he was properly assessed two points for this conviction. Moreover, his counsel was not ineffective for failing to object to the point assessment. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections.").

The guidelines also provide that one criminal history point should be assessed "for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense," where that sentence did not result in at least 60 days of confinement. U.S.S.G. § 4A1.2(d)(2)(B). Melendez-Melendez's 2009 conviction for assault of a public servant[5], and his 2010 conviction for evading arrest both qualify under this provision. Accordingly, he was properly assessed one criminal history point for each of these convictions and his lawyer was not ineffective for failing to object. Koch, 907 F.2d at 527.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that Jose Jesus Melendez-Melendez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be denied as meritless.

**A. Certificate of Appealability**

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a

---

[5] On March 9, 2009, the sentence was imposed for the 2009 assault on a public servant conviction. CR Dkt. No. 17, p. 7. Thus, the sentence for that conviction was imposed within five years of the instant offense.

petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Melendez-Melendez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Melendez-Melendez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 30, 2016.

Ronald G. Morgan
United States Magistrate Judge